<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF TENNESSEE</u>



LESTER EUGENE SILER;
JENNY SILER;
D. S., a minor,
by and through next friend,
LESTER E. SILER and
JENNY SILER

        Plaintiffs,

v.

        No.   3:10-CV-334

        Jury Trial Demanded

GERALD DAVID WEBBER,
in his individual capacity and
his official capacity as a Sheriff's Deputy with the Campbell
County Sheriff's Department;
SAMUEL REED FRANKLIN, in his individual
capacity and official capacity as a Sheriff's
Deputy with the Campbell County Sheriffs Department;
JOSHUA JAMES MONDAY, in his individual capacity
and his official capacity as a Sheriff's Deputy
with the Campbell County Sheriffs Department;
SHAYNE CHRISTOPHER GREEN, in his
individual capacity and his official capacity as a
Sheriff's Deputy with the Campbell County Sheriff's
Department;
WILLIAM CARROLL, in his individual capacity
and his official capacity as a Sheriff's Deputy
with the Campbell County Sheriffs Department;
CHARLES SCOTT, for purposes of T.C.A. § 8-8-302
named in his capacity as a Sheriff's Deputy with the Campbell
County Sheriff's Department ;
JOHN DOE and JANE DOE, Campbell County deputy sheriffs
for purposes of T.C.A. § 8-8-302 liability
of Campbell County, Tennessee
CAMPBELL COUNTY, Tennessee, a political subdivision
of the State of Tennessee for purposes of T.C.A. § 8-8-302
liability of the named deputy sheriffs; and
WESTERN SURETY INSURANCE COMPANY, a corporation
conducting business in Campbell County, Tennessee.

        Defendants.

<u>COMPLAINT</u>

Plaintiffs join in this action and sue Defendants and for action say:

## NATURE OF ACTION

1.    This action is an action for damages incurred by the Plaintiffs resulting from assaults and batteries; malicious harassment; trespass; false arrest; false imprisonment; abuse of process; malicious prosecution; intentional infliction of emotional distress; and violations of their constitutional rights guaranteed to them by the Tennessee and the United States Constitutions in this division of the Eastern District of Tennessee.

## JURISDICTION

2.    This Court has jurisdiction over the statutory and constitutional claims pursuant to 28 U.S.C. §1331 and 1343; 42 U.S.C. §1988.

## THE PARTIES

3.    Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and D. S., were residents of Campbell County, Tennessee in this Judicial District at the time of the acts complained of in this Complaint.

4.    CHARLES SCOTT, at all times material to each of the Plaintiffs' complaints was a deputy sheriff for the Campbell County Sheriff and in doing each of the acts complained of, is named for purposes of establishing liability of Campbell County Tennessee pursuant to T.C.A. § 8-8-302 for his acts, conduct and omissions that violated Plaintiffs federal constitutional rights.

5.    The Defendants, GERALD WEBBER, SAMUEL FRANKLIN, JOSHUA MONDAY, SHAYNE GREEN, and WILLIAM CARROLL, at all times material to each of the Plaintiffs' complaints were the Sheriffs Deputies for the Campbell County

2

Sheriffs Department, Campbell County, Tennessee, and in doing each of the acts complained of, are sued both in their official capacity as Sheriff's Deputies and in their individual capacity for their acts, conduct and omissions that violated Plaintiffs federal constitutional rights.

7.     The Defendant WESTERN SURETY INSURANCE COMPANY is sued as surety for the bonds of the Defendants, GERALD DAVID WEBBER, SAMUEL REED FRANKLIN, JOSHUA JAMES MONDAY, SHAYNE CHRISTOPHER GREEN, WILLIAM CARROLL, CHARLES SCOTT and Deputy JOHN DOE and JANE DOE for violations of Plaintiffs' federal constitutional rights.

8.     The Defendant CAMPBELL COUNTY, TENNESSEE is a political subdivision of the State of Tennessee and is sued for each of the acts of each of its deputy sheriff's that violated a federal constitutional right of Plaintiffs pursuant to T.C.A. § 8-8-302 including those deputy sheriffs whose acts are known to Plaintiffs but whose names are unknown to Plaintiffs and are identified in this Complaint as Deputy JOHN DOE and Deputy JANE DOE.

## FACTUAL ALLEGATIONS

9.     On or about July 8, 2004, the Defendants, GERALD WEBBER, SAMUEL FRANKLIN, JOSHUA MONDAY, SHAYNE GREEN, and WILLIAM CARROLL, (hereinafter referred to as "WEBBER" "FRANKLIN" "MONDAY" "GREEN" and "CARROLL") then employed as law enforcement officers for the Campbell County Sheriffs Department and acting under the color of law, went to the home of LESTER EUGENE SILER, JENNY SILER, and D. S.

10.     That on or about July 8, 2004, the Defendants, WEBBER,

3

FRANKLIN, MONDAY, GREEN, and CARROLL, agreed to threaten, intimidate, and physically assault LESTER EUGENE SILER in order to obtain his consent to search his residence.

11.     That on or about July 8, 2004, the Defendant, WEBBER, instructed three of the officers to handcuff the Plaintiff LESTER EUGENE SILER, outside his home, bring him inside, and sit LESTER EUGENE SILER in a chair.

12.     That on or about July 8, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN and CARROLL, ordered LESTER EUGENE SILER'S Wife and son to leave the home, and stand at the roadway in the blistering July sun for hours.

13.     That on or about July 8, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, repeatedly threatened the Plaintiff LESTER EUGENE SILER, with severe bodily harm unless he cooperated by signing a consent to search form which he had the constitutional right to refuse to sign.   These threats included, but were not limited to, threats to shoot the Plaintiff, LESTER EUGUENE SILER, to beat him, to electrocute him, to kill him, to burn him with a cigarette lighter, to drown him in a fish tank, and to break his fingers.

14.     That on or about July 8, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, attached wires from a battery charger to the Plaintiff, LESTER EUGENE SILER, and threatened to electrocute him.

4

15.     That on or about July 8, 2004, the Defendant, WEBBER, encouraged the Defendants, FRANKLIN, MONDAY, GREEN, and CARROLL to slap, hit, punch, kick, and otherwise unlawfully assault LESTER EUGENE SILER, while he was handcuffed and not resisting, thereby causing him bodily injury.

16.     That on or about July 8, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, did assault and beat the Plaintiff, LESTER EUGENE SILER, in the presence of his wife, JENNY SILER, and their minor child, DAKOTA SILER.

17.     That on or about July 8, 2004, each of the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, failed to intervene when other officers used dangerous weapons including, but not limited to, a fire arm, a battery charger, a slap jack, a plastic ball bat, or other similar objects to threaten, intimidate, beat, and torture the Plaintiff, LESTER EUGENE SILER, while he was handcuffed and not resisting, causing him bodily injury.

18.     That on or about July 8, 2004, the Defendant, MONDAY, did willfully and unlawfully brandish a handgun and placed that handgun in the mouth of the Plaintiff, LESTER EUGENE SILER, and threatened to kill the Plaintiff, LESTER EUGENE SILER.

19.     That on or about July 8, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, conspired to lie, and made up lies to unlawfully arrest the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, on false charges.

20.     That on or about July 8, 2004, the Defendants, WEBBER,

5

FRANKLIN, MONDAY, GREEN, and CARROLL, did arrest the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, on false charges.

21. That on or about July 8, 2004, after the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL beat, tortured, assaulted, threatened, and intimidated the Plaintiff, LESTER EUGENE SILER, the Defendants then arrested the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, and transported them to the Campbell County Sheriffs Department.

22. That on or about July 8, 2004, the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, were incarcerated in the Campbell County Jail and held by Deputies JOHN DOE and JANE DOE in drunk tanks for several hours, before being placed in general population.

23. That on or about July 8, 2004, the Plaintiff, LESTER EUGENE SILER, requested medical attention, from Deputies JOHN DOE and JANE DOE numerous times for his injuries and was denied medical attention for his injuries for which Defendant Campbell County, Tennessee is liable pursuant to T.C.A. § 8-8-302.

24. That on or about July 8, 2004, when the Plaintiff, LESTER EUGENE SILER, requested medical attention, Deputies JOHN DOE and/or JANE DOE told him to "sit down and shut-up, you got what you deserve".

25. That after the incarceration of the Plaintiff, LESTER EUGENE SILER, Campbell County Sheriff Ron McClellan made public statements to the media that he had "sent him to the emergency room" when in truth and fact Deputies JOHN DOE and JANE DOE provided Plaintiff, LESTER EUGENE SILER no medical attention, in an attempt to cover up this incident.

6

26.     That after the incarceration of the Plaintiff, LESTER EUGENE SILER, the named Deputy Charles Scott, in an attempt to cover up this incident, made public statements to the media that Siler's emergency room visit "revealed no broken bones or trauma," when in truth and fact the Plaintiff, LESTER EUGENE SILER, was given no medical treatment.

27.     That after being incarcerated in the Campbell County Jail, the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, Deputies JOHN DOE and JANE DOE denied Plaintiffs their right to make a telephone call.

28.     That all charges resulting from the before mentioned incident on July 8, 2004, against the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, were dismissed.

29.     That on or about July 19, 2004, during an official investigation, the Defendants WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, lied to the Tennessee Bureau of Investigation by denying the use of threats or unreasonable force against the Plaintiff, LESTER EUGENE SILER, in order to cover up this incident and obstruct any investigation, state or federal.

30.     That on or about July 28, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, and GREEN, were indicted by the Campbell County Grand Jury on charges of official misconduct in violation of Tennessee Code Annotated § 39-16-403 and in violation of TCA § 39-16-703 for making a false material statement, under oath, in connection with the official proceeding, in violation of Tennessee Code Annotated § 39-16-703 but Defendant CARROLL was not charged.

31.     That on or about July 28, 2004, the Defendant, WEBBER, was

7

further charged with an additional count of making a false material statement, under oath, in connection with the official proceeding in violation of Tennessee Code Annotated § 39-16-703.

32.    That upon information and belief, Campbell County Sheriff Ron McClellan and named Deputy Charles Scott agreed for the charged Defendants to be placed on diversion whereby their charges would be dismissed, for which act Campbell County is liable pursuant to T.C.A. § 8-8-302.

33.    That on or about the February 3, 2004, the United States Attorneys office filed an information in the United States District Court for the Eastern District of Tennessee at Knoxville against the Defendant, MONDAY, charging the Defendant with willfully brandishing a handgun during and in relation to a crime of violence namely conspiracy against rights secured by the Constitution and Laws of the United States in violation of 18 U.S.C. § 924(c).

34.    That on or about the February 3, 2004, the United States Attorneys office filed informations in the United States District Court for the Eastern District of Tennessee at Knoxville against the Defendants WEBBER, FRANKLIN, GREEN, and CARROLL, charging the Defendants with conspiracy to commit civil rights violations in violation of 18 U.S.C. § 241.

35.    That on or about the February 22, 2005, the Defendant, WEBBER, pled guilty in Federal Court to knowingly violating 18 U.S.C. § 241 (conspiracy against civil rights).

36.    That on or about February 23, 2005, the Defendant, FRANKLIN, pled guilty in Federal Court to knowingly violating 18 U.S.C. § 241 (conspiracy against

8

civil rights).

37.     That on or about February 24, 2005, the Defendant, MONDAY, pled guilty in Federal Court to knowingly violating 18 U.S.C. § 924 (c) (brandishing a firearm during a crime of violence).

38.     That on or about February 24, 2005, the Defendant, GREEN, pled guilty in Federal Court to knowingly violating 18 U.S.C. § 241 (conspiracy against civil rights).

39.     That on or about May 23, 2005, the Defendant, CARROLL, pled guilty in Federal Court to knowingly violating 18 U.S.C. § 241 (conspiracy against civil rights).

40.     Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, were sent to the home of the Plaintiff, LESTER EUGENE SILER, by named Deputy Charles Scott and were instructed Deputy Scott to get him", and that it was "top priority" for which act Campbell County is liable pursuant to T.C.A. § 8-8-302.

41.     Named Deputy Charles Scott had as a duty as the Chief Deputy of the Campbell County Sheriff's Department to properly train and supervise the Defendants and named Deputy Charles Scott failed to properly perform those duties for Defendants and further exhibited a deliberate indifference to the rights of the persons to whom the Defendants came into contact with, for which omissions and violations Campbell County is liable pursuant to T.C.A. § 8-8-302.

42.     Chief Deputy Charles Scott allowed these Defendants to work as patrol officers with the Campbell County Sheriffs Department knowing that the Defendants were not P.O.S.T. certified police officers, nor were the Defendants,

9

MONDAY, CARROLL, and GREEN, adequately trained or supervised for which Defendant CAMPBELL COUNTY, TENNESSEE is liable pursuant to T.C.A. § 8-8-302.

43.　　Named Chief Deputy Charles Scott, were aware of the propensity of the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, towards violence, and were further aware of prior incidents and complaints that had been made about the Defendants' use of excessive force; however, the Chief Deputy Charles Scott, took no action to reprimand, discipline, train or supervise these Defendants to correct or control their behavior for which Defendant CAMPBELL COUNTY, TENNESSEE is liable pursuant to T.C.A. § 8-8-802.

44.　　Plaintiffs, LESTER EUGENE SILER, JENNY SILER and D. S. would show that this is not the first time LESTER EUENGE SILER had been assaulted by the Campbell County Deputy Sheriffs working under the supervision and training of named Chief Deputy Charles Scott.

**VIOLATIONS OF TITLE 42 U.S.C. §§ 1983 AND 1988**

45.　　The foregoing allegations are incorporated into this cause of action as though set out verbatim.

10

46.     In doing each of the acts, and by the conduct and omissions pleaded in this Complaint, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, CARROLL, named Deputy Charles Scott, and Deputies John Doe and Jane Doe violated the Plaintiffs' rights under the United States Constitution under the Fourth Amendment in their right to be free from unlawful arrest and imprisonment; under the Fourth and Fifth Amendment in their right to be free from the excessive use of force; under the Fourth Amendment in their right to be free from unlawful searches; under the Fourth and Fifth Amendment right to medical care; and under the Fifth Amendment in their right to be free from punishment without due process of law; and under the Eighth and Fourteenth Amendment in their right to be free from cruel and inhuman punishment.

47.     Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, CARROLL, are liable to the Plaintiffs' for damages, costs, and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988.

48.     In doing each of the acts, and by the conduct or omissions that violated a federal constitutional right of Plaintiffs, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, CARROLL, named Deputy Charles Scott and Deputy JOHN DOE and JANE DOE were acting by virtue of and under the color of their authority as Campbell County Sheriffs Deputies for which Defendant CAMPBELL COUNTY, TENNESSEE is liable pursuant to T.C.A. § 8-8-302.

49.     The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and D.S., sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, CARROLL, and named Deputy Charles Scott and Deputies JOHN DOE and JANE DOE for the Defendants violations of the Plaintiffs' civil rights.

11

50. The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and D.S., sue the Defendant CAMPBELL COUNTY, TENNESSEE pursuant to T.C.A. § 8-8-302 for the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, CARROLL, Deputy Charles Scott and Deputies JOHN DOE and JANE DOE for their violations of the Plaintiffs' civil rights which were done by virtue of and under color of their authority as Campbell County Sheriffs Deputies.

**LIABILITY ON DEPUTY SHERIFF'S OFFICIAL BOND**

51. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

52. The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and D.S., bring this action on relation of the STATE OF TENNESSEE and sue Deputy Charles Scott, and Sheriffs Deputies WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL and Defendants JOHN DOE and JANE DOE individually under their secured bond as provided for in T.C.A. § 8-19-301 for the violations of their federal constitutional rights and liability pursuant to 42 U.S.C. § 1983 and § 1988..

**LIABILITY OF WESTERN SURETY INSURANCE COMPANY UNDER DEFENDANT MCCLELLAN'S BOND**

53. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

54. The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and D.S., sue the Defendant, WESTERN SURETY INSURANCE COMPANY as corporate surety for the secured bonds of Campbell County Deputies as provided for in T.C.A. § 8-19-301 for each violation of a federal constitutional right and liability pursuant to 42 U.S.C. § 1983 and § 1988 for each deputy sheriff for Campbell County, Tennessee.

12

## DAMAGES

55.     As a result of the violations of Plaintiffs' federal constitutional right complained of, the Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and D.S., suffered medical expenses; painful injuries; emotional distress; severe mental anguish; the Plaintiffs LESTER EUGENE SILER, JENNY SILER and D. S.'S, liberty were unreasonably denied by the Defendants; the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, were required to incur bail fees and attorney fees; the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, have suffered severe and emotional distress.

WHEREFORE, Plaintiffs, LESTER EUGENE SILER, JENNY SILER and D. S., pray:

1.     That Plaintiffs have a jury selected to try this case.

2.     That upon trial the Plaintiff, JENNY SILER, be awarded compensatory damages against the Defendants in an amount not to exceed $2,500,000.00

3.     That upon a trial, the Plaintiff, LESTER EUGENE SILER, be awarded compensatory damages against the Defendants, in an amount not to exceed $5,000,000.00.

4.     That the Plaintiff, D.S., be awarded compensatory damages against the Defendants, in an amount not to exceed $2,000,000.00.

5.     That the Plaintiffs be awarded punitive damages against the Defendants, in an amount not to exceed $10,000,000.00.

6.     That the Defendants be required to pay the Plaintiffs' attorneys fees

13

and litigation costs.

       7.    That the Plaintiffs have such other, further, and general relief to which they may be entitled.

      On this the 30th day of July, 2010.

Kristie Anderson
Attorney for Plaintiffs
523 Main Street
P.O. Box 196
Jacksboro, Tennessee 37757
(423) 566-9092
BPR No. 021840

14