IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LESTER EUGENE SILER, ET AL

    Plaintiffs

VS.                                No. 3:10-cv-334
                                     Phillips/Guyton

GERALD DAVID WEBBER, ET AL

    Defendants

## MOTION TO DISMISS

Comes the Defendant, Joshua Monday, and moves the Court to dismiss the Plaintiffs' Complaint filed on or about August 2, 2010, and in support of said Motion to Dismiss would show as follows:

### 1. HISTORY OF LITIGATION BETWEEN THE PARTIES

    A. Federal Court Litigation

All Plaintiffs filed on July 6, 2005, a Complaint in this Court, 3:05-cv-341, asserting all claims asserted herein against all defendants sued herein. The 2005 Complaint was ultimately assigned to Senior Judge Edgar and Magistrate Judge Guyton. Judge Edger entered a series of Orders ultimately dismissing all claims. First, on January 27, 2009, Judge Edgar dismissed without prejudice Plaintiffs' claim against Campbell County under the Tennessee Governmental Tort Liability Act. T.C.A. 29020-101 et. seq.("GTLA") [Doc. 117] Second, on March 5, 2009, Judge Edgar declined to invoke *Colorado River* abstention as to Plaintiffs' federal claims and dismissed without prejudice all Plaintiffs' state law claims against all defendants. [Doc. 123] Third, on

April 21, 2009, Judge Edgar granted summary judgment to Campbell County on all Plaintiffs' federal claims, and further held that Plaintiffs' Complaint did not assert any federal claims against former Sheriff McClellan or Chief Deputy Scott, individually. [Doc. 131] Finally, on August 12, 2009, Judge Edgar granted Plaintiff's motion for voluntary dismissal without prejudice of Plaintiffs' federal claims against the five former Campbell County deputy defendants. [Doc. 137]

After all claims against all defendants were dismissed, Plaintiffs filed on September 11, 2009, a Notice of Appeal as to the grant of summary judgment to Campbell County and dismissal of former Sheriff McClellan and Chief Deputy Scott. [Doc. 139] On August 22, 2011, The Sixth Circuit affirmed the judgment of this Court. That judgment is final.

While the appeal was pending, Plaintiffs re-filed—but did not serve—this Complaint on August 2, 2010. On or about November 30, 2011, Plaintiffs served the instant Complaint on defendants. Defendant, Joshua Monday has not been served as of the date of this Motion and no return of summons is reflected in the office of the United States District Clerk for the Eastern District of Tennessee.

On or about March 31, 2012, the Plaintiffs filed a Notice of Voluntary Dismissal, dismissing Charles Scott, Campbell County and all defendants sued in their official capacities. [Doc. 7]

B. State Court Litigation

All Plaintiffs filed on July 7, 2005, a Complaint in Campbell County Circuit Court asserting all state law claims asserted herein against all defendants sued herein . See *Memorandum & Order* entered in case No. 3:05-ev-341 on March 5, 2009, [Doc.

132] (declining to invoke *Colorado River* Absention and dismissing without prejudice all state law claims). The state case remained dormant until this Court entered an Order staying further discovery in the federal proceedings, whereupon Plaintiffs commenced extensive written discovery and deposed all defendants in the state case. Defendants McClellan and Scott filed on March 27, 2008, a motion to dismiss, asserting statutory immunity. On July 30, 2010, the state court granted the motion to dismiss McClellan and Scott, individually. After extensive discovery, Defendant Campbell County filed on January 11, 2011, a motion for summary judgment. On April 8, 2011, the state court granted summary judgment to Campbell County remaining in the court proceeding is the County's potential liability up to the amount of the Sheriff's bond ($25,000) under T.C.A. 8-8-103.

The state case was set to go to trial until the court granted on November 11, 2011, Plaintiffs' motion to hold the state proceeding in abeyance. The last Order of the state court holds the case in abeyance for 18 months or until Plaintiffs' notify the court that they have been released from incarceration and available for trial.

## II. THE INSTANT COMPLAINT FILED AUGUST 2, 2010 , BUT NOT SERVED UNTIL DECEMBER, 2011, IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Section 1983 actions in Tennessee are governed by a one-year statute of limitations. T.C.A. 28-3-103. *Dunn v. State of Tennessee*; 697 F. 2d 121 (6thCir. 1982). The Tennessee savings statute may preserve claims dismissed without prejudice for up to one year from the date of the dismissal. T.C.A. 28-1-105, 115. However, the savings statute applies only where a suit is "commenced" within the meaning of Fed. R. Civ. P.

4(m), which requires service of a summons within 120 days of the filing of the complaint Cf. Tenn. R. Civ. P. 4.03. See *Sims v. Adesa Corp.*, 294 S.W. 3d 581 (Tenn. Ct. App. 2008). Notice of suit to defendant does not suffice; actual service of process is required to toll the statute of limitations.

The Silers filed their original action August 5, 2005. Though not "saved" in any event, Plaintiffs CTLA claim against Campbell County was dismissed without prejudice January 27, 2009. [Doc. 117] Judge Edgar dismissed all Plaintiffs' state law claims against all defendants on March 5, 2009. [Doc. 123] Judge Edgar held that Plaintiffs' 2005 Complaint did not assert any federal claims against McClellan or Scott, which ruling was affirmed by the Sixth Circuit. After Judge Edgar granted Campbell County summary judgment, Plaintiffs moved for dismissal without prejudice of their federal claims against the five former deputy defendants so as to have a final judgment for purposes of appealing the grant of summary judgment to Campbell County. Judge Edgar granted this motion and dismissed those sole remaining claims by Order entered August 12, 2009. [Doc. 137]

To avail themselves of the Tennessee saving statute as to any federal claim against any defendant, Plaintiffs were required to take two critical steps: 1) re-file their federal claims against the five former deputy defendants by August 12, 2010; and 2) thereafter, serve Defendants with the re-filed complaint and summons within 120 days of the re-filing of the complaint. Plaintiffs failed to take step two. Plaintiffs did not serve any defendant with the re-filed complaint and summons until December, 2011. Accordingly, the re-filing of the complaint was a legal nullity which did not toll the one-year statute from running on August 12, 2010.

The application of the Tennessee savings statute, and what constitutes "commencement" of an action under Rule 4(m) for statute of limitations purposes is so well established, and those requirements are so clearly absent here, there can be no basis for a "…non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;…" Fed. R. Civ. P. 11(b)(2). The Plaintiffs' Complaint makes no mention of the Silers' 2005 Complaint, nor the timing and circumstances of its dismissal, which would be required to state a claim upon which relief can be granted against any defendant by virtue of the savings statute. Nor does the Complaint assert facts from which a claim not otherwise barred by the statute of limitations could be discerned.

Accordingly, Defendant, Joshua Monday, moves the Court to dismiss the Complaint filed on or about August 2, 2010, as it is barred by the applicable statute of limitations.

JOSHUA MONDAY

By: _____
Dennis B. Francis, BPR 002152
Attorney for Joshua Monday
625 S. Gay Street, Suite 625
Knoxville, TN 37902
(865) 522-3327

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon counsel or parties herein by delivery of same to the office of said counsel or by mailing same to said offices by United States Mail, with sufficient postage thereon to carry same to its destination:

Gerald Davie Webber
947 Old Hen Valley Road
Oliver Springs, TN 37840

Shayne Green
P.O. Box 53
Jacksboro, TN 37757

Kristie Anderson
P.O. Box 196
Jacksboro, TN 37757

Steven E. Sams
Sams Law Firm, PLLC
P.O. Box 1588
Knoxville, TN 37901

Samuel Franklin
140 Riverside Drive
Jacksboro, TN 37757

Dated: This 26 day of June, 2012.

_____
DENNIS B. FRANCIS