UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LESTER EUGENE SILER, et al., ) | |
| Plaintiff, ) | |
| ) | No. 3:10-cv-334 |
| v. ) | Phillips/Guyton |
| ) | |
| GERALD DAVID WEBBER, et al., ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on Plaintiffs' Response to Defendants' Motions to Dismiss, [Doc. 9], in which Plaintiffs move for a more definite statement regarding the grounds for Defendants' motions to dismiss [Docs. 5, 6].

Rule 12(e) of the Federal Rules of Civil Procedure provides, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Court finds that the Motion to Dismiss filed by Defendant David Webber [Doc. 6], which states only, "This is a response to Civil Action No. 3:10-cv-334. I file this motion asking the Court to dismiss this case," is vague and ambiguous because it fails to provide a basis for the requested dismissal. Conversely, the Court finds that Defendant Samuel Reed Franklin's motion [Doc. 5], while brief, is neither vague nor ambiguous regarding its basis for dismissal: namely, that Plaintiffs' claims are barred by the Statute of Limitations. Further, such ground for dismissal is identical to that alleged in Defendant Joshua Monday's lengthy Motion to Dismiss filed on June 20, 2012. [Doc. 10.]

Accordingly, it is **ORDERED** that Defendant Webber has **up to and including**

**Monday, July 9, 2012**, in which to file a more definite statement regarding his Motion to Dismiss. This Order does not alter the date by which Plaintiffs must respond to Defendant Joshua Monday's Motion to Dismiss.

**IT IS SO ORDERED**.

**ENTER:**

　　　s/ Thomas W. Phillips　　
United States District Judge