# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| LESTER EUGENE SILER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:10-cv-334 |
| ) | Phillips/Guyton |
| GERALD DAVID WEBBER, et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

COME NOW the Plaintiffs and respond to Defendants' Motion to Dismiss as follows:

I. **HISTORY OF LITIGATION BETWEEN THE PARTIES**

A. Federal Court Litigation

Plaintiffs filed the instant Complaint and a Motion for Leave to Proceed in forma pauperis on August 2, 2010. On August 5, 2010, this case was assigned to Judge Phillips and Judge Guyton. On August 5, 2010, Plaintiffs were granted the right to proceed in forma pauperis. On August 18, 2010, summons were apparently issued, but were not received. On August 1, 2011, summons were re-issued and ultimately served on the Defendants, with the exception of Joshua Monday. Plaintiffs have been unable to serve the Defendant, Joshua Monday.

Plaintiffs otherwise do not dispute the history of litigation between the parties submitted by the Defendant, Joshua Monday.

B. State Court Litigation

On July 7, 2005, Plaintiffs filed a Complaint in the Campbell County Circuit Court asserting all state law claims. The case lay dormant for a period of time until new lead

counsel became involved.

Plaintiffs otherwise do not dispute the history of the State Court litigation submitted by the Defendant, Joshua Monday.

## II. THE INSTANT CASE IS NOT BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

The Tennessee Savings Statute may preserve claims that have been dismissed without prejudice for up to one (1) year from the date of dismissal. Federal Rules of Civil Procedure 4(m), requires service of a summons within 120 days after the Complaint is filed. However, Fed. R. Civ. P. 4(m) further provides that after 120 days, the Court on motion or on its own after providing notice to the Plaintiffs must dismiss the action without prejudice or require the Plaintiff to provide service within a reasonable time. Further, if the Plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period of time.

Plaintiffs would show unto this Honorable Court that the original complaint was dismissed without prejudice on August 12, 2009. Plaintiffs timely re-filed their complaint on August 2, 2010. Plaintiffs would show that the original summons were issued, but never received, thus requiring new summons to be issued. Plaintiffs would show that the Complaint was served within 120 days once the summons were re-issued. Defendant, Joshua Monday, has not been served because Plaintiffs have been unable to obtain a proper address to serve the Defendant. However, all remaining Defendants have been served. Plaintiffs would submit that the instant case was properly re-filed within the statute of limitations and should be allowed to proceed.

RESPECTFULLY submitted this the 18th day of July, 2012.

<u>S/Kristie Anderson</u>  
Kristie Anderson  
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Dated this 18th day of July, 2012.

BY: /s/Kristie N. Anderson