UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **LESTER EUGENE SILER, et al.,**     )<br>           **Plaintiffs,**     )<br>                                           )<br>**v.**                                        )<br>                                           )<br>**GERALD DAVID WEBBER, et al.,**     )<br>           **Defendants.**     ) | No. 3:10-cv-334<br>(Phillips/Guyton) |

## ORDER

**I.     Introduction**

This matter comes before the Court on the motions to dismiss filed by Defendants Samuel R. Franklin [Doc. 5], Gerald David Webber [Docs. 6, 12], and Joshua Monday [Doc. 10]. For the reasons contained herein, Defendants' motions are **GRANTED**, and this case is **DISMISSED with prejudice** for insufficient service of process and expiration of the applicable statute of limitations.

**II.     Background**

Plaintiffs originally filed suit in this Court on July 6, 2005, asserting all claims alleged herein, against all defendants sued herein. [Case No. 3:05-cv-341, Doc. 1.] On August 12, 2009, Judge R. Allen Edgar signed an order granting Plaintiffs' motion for voluntary dismissal of their federal claims without prejudice. [Case No. 3:05-cv-341, Doc. 137.]

Plaintiffs subsequently filed the instant Complaint on August 2, 2010, again alleging various civil rights violations under 42 U.S.C. §§ 1983 and 1988. [Doc. 1.] On August 18, 2010, Summons were issued as to all named Defendants, but Plaintiffs were not served. At Plaintiffs'

request, Summons were reissued on August 1, 2011, and Defendants Samuel R. Franklin and Gerald David Webber were served in late November and early December of 2011. Service was never effected on Defendant Joshua Monday. Defendants presently seek dismissal of Plaintiffs' Complaint, on the ground that Plaintiffs' failure to effect timely service of process results in this case being barred by the statute of limitations. [Docs. 5, 6, 10, 12.] Defendants respond that the case is not so barred because Defendants were served within 120 days of the reissued Summons. [Doc. 15.]

**III.    Analysis**

   **A.    Tennessee Savings Statute**

A federal district court considering civil rights actions brought under 42 U.S.C. §§ 1983 and 1988 must use the statute of limitations "of the state where it sits which would be applicable in the most closely analogous state action," *Carmicle v. Weddle*, 555 F.2d 544, 555 (6th Cir. 1977), so long as "it is not inconsistent with federal law or policy to do so," *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (quoting *Wilson v. Garcia*, 471 U.S. 261, 266-67 (2005)). "Not only the length of the limitations period, but also 'closely related questions of tolling and application' thus are 'governed by state law.'" *Id.* (quoting *Wilson*, 471 U.S. at 269). Plaintiff's federal civil rights actions, which seek compensatory and punitive damages, arose in Tennessee, and the applicable statute of limitations is one year. *See* Tenn. Code Ann. § 28-3-104(a) ("The following actions shall be commenced within one (1) year after the cause of action accrued: (1) Actions for . . . injuries to the person . . . ; (2) Civil actions for compensatory or punitive damages, or both, brought under federal civil rights statutes; . . . .").

Plaintiffs allege that the injury that was the basis of their action occurred on or about July 8, 2004. *See Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003) (stating that a cause of action begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action"). Thus, Plaintiffs' original action was properly commenced when Plaintiffs filed their complaint on July 6, 2005.

The Tennessee Savings Statute, Tenn. Code Ann. § 28-1-105(a), provides, "if the action is commenced within the time limited by a rule or statute of limitations, but the judgment or decree is rendered against the plaintiff upon any ground not concluded in the plaintiff's right of action, . . . the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year . . . ." Civil actions are "commenced" for purposes of this rule "by filing a complaint with the clerk of the court." Tenn. R. Civ. P. 3.

When Plaintiffs' original case was dismissed without prejudice on August 12, 2009, Plaintiffs' constitutional claims against Defendants were preserved by the savings statute for one year, or up to and including August 12, 2010. Thus, Plaintiffs' claims were not barred by the statute of limitations when Plaintiffs filed their new Complaint in this Court on August 2, 2010.

**B.   Service of Process**

The issue before the Court is the effect of Plaintiffs' late service of process on Defendants in November and December of 2011. In *Henderson v. United States*, the Supreme Court held, "in actions arising under federal law, commenced in compliance with the governing statute of limitations, the manner and timing of serving process are generally nonjurisdictional matters of 'procedure' controlled by the Federal Rules." 517 U.S. 654, 656 (1996); *see also id.* ("In the Rules Enabling Act, 28 U.S.C. § 2171 *et seq.*, "Congress ordered that, in matters of 'practice and

3

procedure,' § 2072(a), the Federal Rules shall govern, and '[a]ll laws in conflict with such rules shall be of no further force or effect,' § 2072(b)."). Recently, in *Grooms v. City of Morristown, Tennessee*, a defendant argued to a federal court in this district that the plaintiff's complaint was barred by the statute of limitations due to the following provision in Rule 3 of the Tennessee Rules of Civil Procedure: "If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, a plaintiff cannot rely upon the filing of the complaint to toll the running of the statute of limitations . . . ." No. 2:08-cv-314, 2012 WL 715308, *5 (E.D. Tenn. Mar. 1, 2012). The court remarked:

> It is true that the civil rights statutes do not provide a statute of limitations and that federal courts borrow the most closely analogous state statute of limitations for claims arising in that state which are filed under 42 U.S.C. § 1983. [Citations omitted.] But it is also true that the Federal Rules of Civil Procedure govern in a federal forum where the issue is one of federal law. [*Henderson*, 517 U.S. at 656.]

*Id.* at *3. The court decided the case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and its accompanying case law, and held that "regardless of the dictates of Tennessee Rule of Civil Procedure 3," the lawsuit was timely filed. *Id.*

Rule 4(m) of the Federal Rules of Civil Procedure therefore governs the timing of service of process in this case. It provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The advisory committee notes explain that this subsection "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled

4

action, . . . ." Fed. R. Civ. P. 4, advisory committee note. While Defendants have not moved for dismissal for insufficient service of process under Rule 12(b) of the Federal Rules of Civil Procedure, Defendants' motions to dismiss this case as barred by the applicable statute of limitations are grounded on Plaintiffs' failure to timely effect service of process, thus giving Plaintiffs sufficient notice and opportunity to proffer excuses for their delay.

Defendants were not served within 120 days of the issuance of Summons in this case on August 18, 2010, and the Court is unable to find reason to excuse Plaintiffs' delay. Apart from averring that they have been unable to obtain a proper address for Joshua Monday, Plaintiffs have not attempted to explain their delay. [Doc. 15, at 2.] They filed no affidavits or evidence regarding any attempt to effect timely service. Plaintiffs waited until a week prior to the expiration of the savings year to refile suit, requested issuance of Summons but did not effect service, waited eleven months before seeking reissuance of Summons, and effected service four months later—sixteen months after commencing suit. Plaintiffs never during their original 120-day window sought an extension of time to serve, or during the subsequent year sought permission to effect late service. The Court also notes that, while strict adherence to the federal rules of service leads to a harsh result in this case, Plaintiffs' state law case against Defendants is still pending, and dismissal from this Court will not wholly deprive Plaintiffs of a venue in which to pursue their claims.

The Court does not find occasion to excuse the late service of process in this case, and this case should be dismissed for insufficient service of process and for expiration of the applicable one-year statute of limitations.

## IV. Conclusion

For the reasons contained herein, the motions to dismiss filed by Defendants Samuel R. Franklin [Doc. 5], Gerald David Webber [Docs. 6, 12], and Joshua Monday [Doc. 10] are **GRANTED**, and Plaintiffs' claims are **DISMISSED with prejudice** due to insufficient service of process and expiration of the applicable one-year statute of limitations.

**IT IS SO ORDERED**.

**ENTER:**

ENTERED AS A JUDGMENT
s/ *Debra C. Poplin*
CLERK OF COURT

    s/ Thomas W. Phillips
United States District Judge